## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-20636-CIV-ALTONAGA/Brown

**JPMCC 2005-CIBC13 COLLINS LODGING, LLC**,

      Plaintiff,

vs.

**PHILIPS SOUTH BEACH, LLC**,

      Defendant.

_____/

**PHILIPS SOUTH BEACH, LLC**,

      Third-Party Plaintiff,

vs.

**NYLIM REAL ESTATE MEZZANINE FUND II,
L.P.**, *et al.*,

      Third-Party Defendants,

_____/

### ORDER

    **THIS CAUSE** came before the Court on Defendant, Philips South Beach, LLC's

("Philips['s]") Renewed Motion to Dismiss Due to Lack of Subject Matter Jurisdiction (the

"Motion") [ECF No. 54], filed August 5, 2010.  The Court has carefully reviewed the Motion, the

parties' written submissions, and applicable law.

### I.  BACKGROUND[1]

    Philips has filed a second motion to dismiss the claims asserted by Plaintiff, JPMCC 2005-

_____

[1]  The factual background of this case is set out in the Court's July 2, 2010 Order [ECF No. 41] and will not be restated here.  Additional facts are stated as they may relate to the Motion presently before the Court.

Case No. 10-20636-CIV-ALTONAGA/Brown

CIBC13 Collins Lodging, LLC ("Collins").  Philips's Motion to Dismiss Due to Lack of Subject

Matter Jurisdiction (the "First Motion") [ECF No. 35], filed June 10, 2010, was denied because

Collins's Amended Complaint [ECF No. 32] adequately alleged the citizenship of the parties and

Philips failed to produce evidence necessary to show a lack of diversity.  (*See id.* 6).  Having

completed jurisdictional discovery, Philips filed the present Motion.

This case originates from the package and transfer of several interests in a $126,500,000 loan

("Loan") issued by CIBC, a holding corporation, to Philips in an effort to refinance a Miami Beach

property known as the Shore Club Hotel.  (*See* July 2, 2010 Order 1–3).  Collins's Amended

Complaint alleges diversity exists because Collins's sole member is Wells Fargo Bank, National

Association ("Wells Fargo"), a nationally-chartered bank and South Dakota citizen, and Philips is

a citizen of Florida, Delaware, and New York.  (*See* Am. Compl. ¶¶ 3, 6).

In the Motion, Philips contends Wells Fargo, as trustee for the registered holders of JP

Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates,

Series 2005-CIBC13 ("JPMCC Certificates) — who formed a REMIC trust[2] — is not the proper

party on which to judge the citizenship of a trust for diversity purposes.  (*See* Mot. 7).  Philips asserts

Collins's members are the JPMCC Certificate holders.  (*See id.* 7–8).  Because several of the JPMCC

Certificate holders are citizens of Delaware and New York, Philips maintains complete diversity of

the parties is absent, and the Amended Complaint should be dismissed for lack of subject matter

jurisdiction.  (*See id.* 10).

---

[2]  A real estate mortgage investment conduit ("REMIC") is an entity formed as a trust for federal income tax purposes.  *See* 26 U.S.C. § 860(d).

Case No. 10-20636-CIV-ALTONAGA/Brown

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of No. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Accept. Corp. of Ind.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts . . . .")). A district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings. *See* 13 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, FEDERAL PRACTICE & PROCEDURE § 3522 (3d ed. 2008).

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either facial or factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Like a Rule 12(b)(6) motion, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true . . . ." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Factual attacks differ because they "challenge[] the existence of subject matter jurisdiction in fact . . . and matters outside of the pleadings, such as testimony and affidavits, are considered." *Id.* If a defendant shows a lack of diversity by meeting its burden of production for a factual attack, then the plaintiff must respond with proof definitively evincing diversity exists. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Factual attacks also differ from facial attacks because "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

3

Case No. 10-20636-CIV-ALTONAGA/Brown

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

### III. ANALYSIS

In its Amended Complaint, Collins sues Philips to foreclose a mortgage on a Miami Beach hotel alleging the basis for federal jurisdiction is diversity of citizenship. In order for federal diversity jurisdiction to exist, each defendant must be diverse from each plaintiff. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (citing *Strawbridge v. Curtis*s, 7 U.S. 267 (1806)). Philips's Motion asserts Collins was organized as a REMIC trust, and should be deemed — for diversity purposes — a citizen of each state in which it has at least one certificate holder. (*See* Mot. 7–8). Because several of the JPMCC Certificate holders are from Delaware and New York, Philips maintains Collins's Amended Complaint should be dismissed because Collins is not diverse from Philips's Florida, Delaware, and New York-based LLC. (*See id.* 10).

The Supreme Court has recognized "trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 (1980) (internal citations omitted). A trustee is a real party to the controversy for purposes of diversity jurisdiction when the trustee possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others. *See id.* at 464. By contrast, "unincorporated associations remain mere collections of individuals," and each individual's citizenship determines and potentially defeats the diversity jurisdiction of a federal court. *Id.* at 461; *see also Great S. Fire Proof Hotel Co. v. Jones*, 117 U.S. 449, 455-56 (1900) (holding citizenships of individual members of unincorporated partnership are used in assessing diversity). Importantly, the mere designation of an entity as a trust rather than an unincorporated association is not controlling for purposes of

4

determining diversity of citizenship. *See Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181–82 (11th Cir. 1987) (finding entities describing themselves as trust funds and seeking to predicate diversity jurisdiction on the citizenship of the putative trustee failed to allege facts negating their existence as voluntary unincorporated associations).

Collins relies on several cases where courts considered the diversity question in the specific context of REMIC trusts and held the citizenship of the trustee — and not that of the certificate holders — was controlling for purposes of diversity jurisdiction. (*See* Resp. 11–18 [ECF No. 58]). The cases cited by Collins rely mainly on *Navarro*, 446 U.S. at 458, for the proposition that for diversity purposes, the citizenship of a business trust is determined solely by the citizenship of its trustee. (*See id.* (citing *Wells Fargo Bank, N.A. v. Konover*, No. 3:05 CV 1924(CFD), 2009 WL 2710229, at *2–3 (D. Conn. Aug. 21, 2009); *LaSalle Bank Nat'l Ass'n v. Lehman Bros. Holdings, Inc.*, 237 F. Supp. 2d 618, 631-34 (D. Md. 2002) (discussing real party in interest and trustee's powers of enforcement); *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 180 F. Supp. 2d 465, 470 (S.D.N.Y. 2001))). The *Navarro* Court held eight individual trustees of a business trust, who brought an action for breach of contract, could "invoke the diversity jurisdiction of the federal court on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." 446 U.S. at 458. Collins argues *Navarro* and subsequent cases relying on its holding should persuade the Court to disregard the citizenship of the registered holders of the JPMCC Certificates in determining jurisdiction. (*See* Resp. 11–14).

In light of the Supreme Court's ruling in *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), which was decided ten years after *Navarro*, the undersigned must disagree. *Carden* explicitly holds the citizenship of an artificial entity other than a corporation is determined by the

5

Case No. 10-20636-CIV-ALTONAGA/Brown

citizenship of "'every member'" of the entity.  *Carden*, 494 U.S. at 195 (quoting *id.* at 199 (J.

O'Connor, dissenting)).  In *Carden*, Justice Scalia adamantly distinguished the holding in *Navarro*

as follows:

> [*Navarro*] did not involve the question whether a party that is an artificial entity other
> than a corporation can be considered a "citizen" of a State, but the quite separate
> question whether parties that were undoubted "citizens" (viz., natural persons) were
> the real parties to the controversy.  The plaintiffs in *Navarro* were eight individual
> trustees of a Massachusetts business trust, suing in their own names.  The defendant,
> Navarro Savings Association, disputed the existence of complete diversity, claiming
> that the trust beneficiaries rather than the trustees were the real parties to the
> controversy, and that the citizenship of the former and not the latter should therefore
> control.   In  the  course  of  rejecting  this  claim,  we  did  indeed  discuss  the
> characteristics of a Massachusetts business trust — not at all, however, for the
> purpose of determining whether the trust had attributes making it a "citizen," but only
> for the purpose of establishing that the respondents were "active trustees whose
> control over the assets held in their names is real and substantial," thereby bringing
> them under the rule, "more than 150 years" old, which permits such trustees "to sue
> in their own right, without regard to the citizenship of the trust beneficiaries."

*Id.* at 191 (quoting *Navarro*, 446 U.S. at 465–66).

Here, Wells Fargo, as trustee for the registered holders of the JPMCC Certificates, is not

attempting to sue in its own right.  Rather, Collins — "a special purpose entity" — is suing Philips

in its own name.  (Am. Compl. ¶ 23).  Because Collins is an "artificial entity other than a

corporation," its citizenship for purposes of determining diversity jurisdiction must depend on the

citizenship of all the members.  *Carden*, 494 U.S. at 191; *see also Emerald Investors Trust v. Guant*

*Parsippany Partners*, 492 F.3d 192, 200–1 (3d Cir. 2007) (citing *Carden* and noting when an

artificial entity sues in its own name, diversity jurisdiction depends on the citizenship of all its

members).  As it is undisputed there are registered holders of JPMCC Certificates who share New

York and Delaware citizenship with Philips, the complete diversity required for federal submect

matter jurisdiction does not exist.  *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d

6

Case No. 10-20636-CIV-ALTONAGA/Brown

1334, 1339 (11th Cir. 2002) (noting "the citizenship of trust fund *members* is determinative of the existence of diversity of citizenship" and treating a business trust "as a citizen of each state in which one of its shareholders is a citizen") (internal quotations and citations omitted); *accord* 13F Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 3630.1 (3d ed. 2009) ("The majority view . . . appears more consistent with the general rule, re-articulated in *Carden*, that the citizenship of each member of an unincorporated association . . . must be considered in determining whether diversity of citizenship exists.").

In declining to take jurisdiction in this case, the Court cannot be persuaded by Philips's contention that because REMIC trusts consist of tens of thousands of certificate holders, taking into consideration the citizenship of the individual certificate holders in determining the diversity of the parties "would divest federal courts of jurisdiction over trusts whose existence is authorized solely by operation of federal tax law" and "rarely makes for survivable jurisprudence." (Resp. 10). The rule in *Carden* is "technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Carden*, 494 U.S. at 196; *cf. Underwriters at Lloyd's, London v. Osting-Schwinn*, No. 08-15809, 2010 WL 3056606, at *9 (11th Cir. Aug. 5, 2010) (noting the rule in *Carden* "does not admit of exceptions based on convenience or practicality"). Collins's assertion REMIC trusts are creatures of federal income tax law and warrant a distinct rule for establishing diversity jurisdiction does not compel a different outcome where the nature of Collins's claim is to foreclose a mortgage on real property — a claim unaffected by the operation of federal tax law. Thus, whether REMIC trusts ought to be transformed to the status of corporations for diversity purposes is a matter of legislative concern and beyond the ambit of judicial determination. *See Carden*, 494 U.S. at 197.

7

Case No. 10-20636-CIV-ALTONAGA/Brown

## IV. CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** that

1.  Defendant, Philips South Beach, LLC's Motion to Dismiss **[ECF No. 54]** is **GRANTED**.

2.  All pending motions are **DENIED as moot**.

3.  This matter is **DISMISSED** and the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2010.


_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**


cc: counsel of record